IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OCEANSTAR MARINE CO., <br><br> Plaintiff, <br><br> v. <br><br> NORVIC SHIPPING INTERNATIONAL LTD. and NORVIC SHIPPING NORTH AMERICA INC. <br><br> Defendants. | IN ADMIRALTY <br><br> CASE NO.: <br><br> **VERIFIED COMPLAINT** |

COMES NOW Plaintiff OCEANSTAR MARINE CO. ("OCEANSTAR" or "Plaintiff"), by its undersigned counsel, as and for its Verified Complaint against the Defendant NORVIC SHIPPING INTERNATIONAL LTD. ("NSI") and NORVIC SHIPPING NORTH AMERICA INC. ("Norvic Shipping") (NSI and Norvic Shipping collectively referred to as "Defendants"), alleges and pleads as follows:

**JURISDICTION AND VENUE**

1. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the maritime procedures and special relief provided in Rule B (maritime garnishment and attachment, *quasi in rem*) of the Supplemental Rules for Certain Admiralty and Maritime

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

Claims of the Federal Rules of Civil Procedure.

2. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b), and intradistrict assignment to the Tacoma Division is appropriate because property belonging to the Defendant, to wit, bunkers onboard the M/V MAJORCA, is at anchorage near the Port of Tacoma.

## THE PARTIES

3. At all times material hereto, Plaintiff OCEANSTAR was and still is a foreign business entity organized under the laws of a foreign country.

4. At all times material hereto, Defendant NSI was and still is a foreign business entity organized under the laws of Bermuda, and maintains its corporate head office at SSQ Place, 110 Sheppard Avenue East, Suite #309, P.O. Box 6, Toronto, Ontario M2N6Y8, Canada.

5. At all times material hereto, Defendant Norvic Shipping was a foreign business entity organized under the laws of Canada, and maintained its corporate head office at SSQ Place, 110 Sheppard Avenue East, Suite #309, P.O. Box 6, Toronto, Ontario M2N6Y8.

## FACTS

6. On or about December 30, 2016, Plaintiff OCEANSTAR, as owners of the M/V YASA AYSEN, entered into a time charter party agreement with Defendant Norvic Shipping, wherein Plaintiff agreed to let and Norvic Shipping agreed to hire the M/V YASA AYSEN for a one time charter trip from Indonesia to the east coast of India with a cargo of stem coal in bulk for a duration of about twenty-five (25) and thirty (30) days without guarantee. A copy of the Time Charter is attached hereto as **Exhibit 1**.

7. The December 30 charter party agreement is a maritime contract.

8. The parties further agreed to the arbitration of disputes arising out of the maritime contract in London with English law to apply pursuant to Clause 108, LMAA Arbitration. *See* **Exhibit 1**.

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

9. Plaintiff duly delivered the M/V YASA AYSEN on December 31, 2016. The vessel was loaded with a cargo of steam bulk coal on or about January 12, 2017. A copy of the Delivery Notice is attached hereto as **Exhibit 2**.

10. On March 13, 2017 the M/V YASA AYSEN arrived in Mongla, Bangladesh to discharge the cargo.

11. On March 15, 2017, cargo receivers refused to continue unloading the cargo due to alleged burning and smell located in cargo number 1 hold, which affected the cargo, and delayed discharge of the M/V YASA AYSEN.

12. On March 26, 2017, the M/V YASA AYSEN was arrested by cargo interests. The vessel was not released until May 4, 2017 on the posting of a bank guarantee totalling $815,000 by OCEANSTAR.

13. Defendant Norvic Shipping re-delivered the M/V YASA AYSEN on May 9, 2017. A copy of the Re-Delivery Notice is attached hereto as **Exhibit 3**.

14. On May 9, 2017, Plaintiff issued an initial Unpaid Hire statement to Norvic Shipping for the balance due of USD $359,622.19[1] for *inter alia*, outstanding unpaid hire due and owing under the December 30 Charter. A copy of the Invoice is attached hereto as **Exhibit 4**.

15. On August 7, 2017, Defendant Norvic Shipping announced that Norvic Shipping is now NSI, and that Defendant Norvic Shipping "are now doing all of our dry bulk ocean transporation under the name of Norvic Shipping International Ltd." A copy of this announcement is attached hereto as **Exhibit 5**, and is available at: http://www.norvicshipping.com/2017/08/07/norvic-norvic-shipping-international-ltd/.

16. NSI is a successor corporate business entity and a mere continuation of Norvic Shipping.

---

[1] This amount was lowered to $310,473.69 by a partial payment of $49,148.50.

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

17. NSI is the successor corporation of Norvic Shipping in that: a) NSI has retained the same employees of Norvic Shipping; b) NSI has retained the same supervisory personnel from Norvic Shipping; c) NSI occupies and carries on business from the same business premises, *i.e.* SSQ Place, 110 Sheppard Avenue East, Suite #309, P.O. Box 6, Toronto, Ontario M2N6Y8; d) NSI transacts its business by and through identical personnel as Norvic Shipping; e) NSI shares common officers and directors with Norvic Shipping; f) NSI has taken over and are servicing the same customers as were being served by Norvic Shipping; g) NSI have virtually the same financing banks financing their business as Norvic Shipping; h) there is continuity of assets from Norvic Shipping to NSI; i) there is continuity of general business operations from Norvic Shipping to NSI; and j) NSI holds itself out as the continuation of Norvic Shipping.

18. Notwithstanding the purported difference in companies, Defendants have represented and warranted that Norvic Shipping is now NSI.

19. The operations of NSI are performed using the same employees working out of the same address as previously under Norvic Shipping.

20. NSI and Norvic Shipping have in common key management personnel averring that "[t]here is no change to the management of the company. The company continues to have a permanent establishment in Canada and it continues to be wholly owned by the same Canadian parent/holding company as in the past." *See* **Exhibit 5**.

21. NSI and Norvic Shipping have notified customers that "[o]ur business partners can still expect the same level of service they have become accustomed to. Our day-to-day services will continue as usual and business processes remain unchanged." *See* **Exhibit 5**.

22. By reason of the foregoing facts pled in averments ¶¶ 16-21, NSI is a mere continuation of the business of Norvic Shipping, as evidenced by the identify of assets, location, management, personnel, stockholders, and representations of Norvic Shipping and NSI.

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

23. Accordingly, NSI is liable for Plaintiff's claims as the successor corporation of Norvic Shipping.

24. Despite being duly and properly invoiced, Defendants have failed to pay $310,473.69 for the balance of hire, expenses, and costs which are indisputably due and owing.

25. In addition, due to Defendant's failure to abide by the terms of the Charter Party to re-deliver the vessel within January 2017, Plaintiff was caused to suffer damages totaling $235,948.06 for lost hire and lost opportunity, as a result of the delays caused by Defendants.

26. Pursuant to the terms of the charter party, disputes between the parties are to be submitted to arbitration in London with English law to apply. The parties are engaged in London Arbitration.

27. This action is an ancillary proceeding, brought in order to obtain jurisdiction over Defendant NSI and to obtain security for Plaintiff's claims in aid of the London arbitration proceedings.

28. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party.

29. As best as can now be estimated, Plaintiff OCEANSTAR expects to recover the following amounts in London Arbitration from Defendant NSI:

| | | |
|---|---|---|
| A. | Unpaid Hire: | $310,473.69 |
| B. | Loss and Damage: | $235,948.06 |
| C. | Estimated Interest for Principal Claim: *2 years at 4.5%, compounded quarterly* | $49,177.96 |
| D. | Estimated Arbitration Cost: | $100,000 |
| E: | Estimated Attorney's Fees: | $150,000 |
| | **TOTAL:** | **$845,599.71** |

30. Therefore, OCEANSTAR's total claim for breach of the maritime contract

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

against Defendant NSI is in the aggregate **USD 845,599.71.**

## **REQUEST FOR ISSUE OF WRITS OF MARITIME ATTACHMENT AND GARNISHMENT**

31. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "30" and incorporates those allegations herein.

32. The Defendants are not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims of the Federal Rules of Civil Procedure and Defendant are believed to have or will have during the pendency of this action certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties as garnishees.

33. Pursuant to a separate time charter agreement, the bulk vessel M/V MAJORCA is under time charter to the Defendant NSI, or nominees thereof, and is currently anchored within the Western District of Washington, and is expected to conduct commercial operations in the District. *See* contemporaneously filed Declaration of Deniz Sozen Ozoral.

34. The M/V MAJORCA has onboard tangible physical property of the said Defendant or nominees, to wit: bunkers consisting of marine fuel oil and diesel oil owned by NSI for the shipment of cargoes onboard the said vessel.

35. Plaintiff believes that the bunkers, or payment for the bunkers, currently located on board the M/V MAJORCA, are assets of the Defendant NSI which are or will be located in this District and potentially in the possession of garnishees, including, but not limited to TMS Bulkers Ltd., *i.e.* the owner of the M/V MAJORCA. *Id.*

36. Moreover, Defendant NSI has appointed in the District steamship agents, to act as their agent in respect of vessels operated by Defendant NSI and it is likely that the said steamship agent has in its possession and/or control tangible or intangible property of

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

Defendant including but not limited to funds advanced by Defendant in respect of disbursements, pilots, tugs, stevedoring services, port costs, and expenses relating to the upcoming calls of the M/V MAJORCA, and also freights payable to the said Defendant in respect of booking notes, bills of lading, or other contracts of affreightment.

37. Defendants cannot be found within the Western District of Washington for the purposes of Rule B of the Admiralty Rules. *See* contemporaneously filed Affidavit of Attorney Briton P. Sparkman.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, issue against Defendants, citing Defendants to appear and answer under oath all, and singular, the matters, alleged in the Verified Complaint;

B. That this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Admiralty Rule B attaching all property belonging to Defendants, tangible or intangible, up to the amount of at least $845,599.71, inclusive of interest, costs, and attorneys' fees due to Plaintiff, to secure the Plaintiff's claim, and that all persons claiming any interest in any attached property be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Verified Complaint;

C. That after due proceedings, judgment be entered in favor of Plaintiff and against the Defendant for the amount of $845,599.71, plus interest and costs pled herein;

D. That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

\\
\\
\\

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

| | |
|---|---|
| 1 | DATED this 5th day of April, 2018. |
| 2 | NICOLL BLACK & FEIG PLLC |

*/s/ Jeremy B. Jones*
Jeremy B. Jones, WSBA #44138
*Attorneys for Plaintiff*

*Of counsel*:

Briton P. Sparkman (BS-5220)
(*pro hac vice application forthcoming*)
CHALOS & CO, P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771
Telephone: (516) 714-4300
Facsimile:  (516) 750-9051
Email: bsparkman@chaloslaw.com

VERIFIED COMPLAINT- 8

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555